OSCN Found Document:IN RE RULES OF THE SUPREME COURT FOR MANDATORY CONTINUING LEGAL EDUC.

 

 
 

 
 IN RE RULES OF THE SUPREME COURT FOR MANDATORY CONTINUING LEGAL EDUC.
2018 OK 79
Case Number: SCBD-3319
Decided: 10/08/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 79, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In Re: Rules of the Supreme Court for Mandatory Continuing Legal Education [Rule1, Rule 6(e) and Rule 7 Regulation 4.1.9]

ORDER
This matter comes on before this Court upon an Application to Amend Rule 1, Rule 6(e) and Rule 7 Regulation 4.1.9 of the Rules of the Supreme Court for Mandatory Continuing Legal Education, 5 O.S. ch. 1, app. 1-B, as proposed and set out in Exhibit "A" attached hereto. This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibits A, B & C attached hereto effective January 1, 2019.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 8th day of OCTOBER, 2018.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.

 
EXHIBIT A
Rules for Mandatory Continuing Legal Education 
Chapter 1, App. 1-B
RULE 1. Mandatory Continuing Legal Education Commission 
(1) There is hereby established a Mandatory Continuing Legal Education Commission (MCLEC) consisting of eleven (11) members who are resident members of the Bar of this State of which one voting member may be a non-resident of the State of Oklahoma. The Executive Director of the Oklahoma Bar Association and the Director of Continuing Legal Education of the Oklahoma Bar Association shall be ex-officio members without vote. The remaining nine (9) members shall be appointed by the President of the Oklahoma Bar Association with the consent of the Board of Governors of the Oklahoma Bar Association
(b) The MCLEC shall have the following duties:

(1) To exercise general supervisory authority over the administration of these rules.
(2) To adopt regulations consistent with these rules with approval of the Board of Governors.
(3) Report annually on the activities and operations of the Mandatory Continuing Legal Education Commission to the Board of Governors of the Oklahoma Bar Association and the Oklahoma Supreme Court.
(c) Five (5) Commissioners shall constitute a quorum of the MCLEC.
(d) A member of the MCLEC who misses three (3) consecutive regular meetings of the MCLEC, for whatever reason, shall automatically vacate the office.
Exhibit B
Rules for Mandatory Continuing Legal Education
Chapter 1, App. 1-B
Rule 6. Noncompliance and Sanctions.
(a) As soon as practicable after February 15th of each year, the Commission on Mandatory Continuing Legal Education shall furnish to the Executive Director of the Oklahoma Bar Association (1) a list of those attorneys who have not reported for the calendar year ending the preceding December 31st as required by Rule 5, Rules for Mandatory Continuing Legal Education, and (2) a list of attorneys who have reported on or before February 15th indicating that they have not complied with the requirements of Rule 3, Rules of Mandatory Continuing Legal Education.
(b) For a member who fails to comply with the Rule 3 continuing legal education requirement by December 31st of each year, there shall be added an expense charge of $100.00. For a member who fails to comply with the Rule 5 annual report requirement by February 15th of each year, there shall be added an expense charge of $100.00. The Commission is authorized to, and may waive the expense charge for a late filing of the Rule 5 annual report upon a finding by the Commission that the late filing was attributable to extreme hardship. Attorneys seeking a waiver shall do so by written application submitted to the Commission. The Commission is authorized to adopt, from time to time, policies and procedures as may be deemed appropriate for continuity in the exercise of the foregoing discretionary authority.
(c) The Executive Director of the Oklahoma Bar Association shall then serve by certified mail each attorney who has not complied with the Rules for Mandatory Continuing Legal Education, with an order to show cause, within sixty (60) days, why the attorney's license should not be suspended at the expiration of the sixty (60) days. Cause may be shown by furnishing the Board of Governors of the Oklahoma Bar Association with an affidavit by the attorney and a certificate from the MCLEC (a) indicating that the attorney has complied with the requirement prior to the expiration of the sixty (60) days or (b) setting forth a valid reason for failure to comply with the requirement because of illness or other good cause.
(d) At the expiration of sixty (60) days from the date of the order to show cause, if good cause is not shown, the Board of Governors shall file application with the Supreme Court recommending suspension of the delinquent's membership. Upon order of the Court, the attorney shall be so suspended and shall not thereafter practice law in this state until reinstated as provided herein. At any time within one (1) year after the order of suspension, an attorney may file with the Executive Director an affidavit by the attorney and a certificate from the MCLEC indicating compliance with the Rules for Mandatory Continuing Legal Education, and payment of a reinstatement fee of $500.00 and if satisfactory to the Executive Director, the member will be restored to membership and the Executive Director will notify the Clerk and the Chief Justice of the Supreme Court and cause notice of reinstatement to be published in the Oklahoma Bar Journal.
(e) A suspended member who does not file an application for reinstatement within one (1) year from the date the member is suspended by the Supreme Court for noncompliance with the Rules for Mandatory Continuing Legal Education, shall cease automatically to be a member of the Association, and the Board of Governors shall file an application with the Supreme Court recommending the member be stricken from the membership rolls. Subsequent to the Order of the Court, if the attorney desires to become a member of the Association within two years, the attorney shall be required to file with the Professional Responsibility Commission an affidavit by the attorney and a certificate from the MCLEC indicating compliance with the Rules for Mandatory Continuing Legal Education for the year suspended for noncompliance with MCLE, including payment of all fees and charges, and the attorney must comply with Rule 11 of the Rules Governing Disciplinary Proceedings of the Oklahoma Bar Association, unless otherwise ordered by the Supreme Court of Oklahoma. If the attorney desires to become a member of the Association after two years and a day, the attorney shall be required to file with the Professional Responsibility Commission an affidavit by the attorney and a certificate from the MCLEC indicating completion of 24 CLE credits, including 2 legal ethics credits, including payment of all fees and charges, and the attorney must comply with Rule 11 of the Rules Governing Disciplinary Proceedings of the Oklahoma Bar Association, unless otherwise ordered by the Supreme Court of Oklahoma.

EXHIBIT C
Rules for Mandatory Continuing Legal Education
Chapter 1, App. 1-B
Rule 7. Regulations.
Regulation 4.
4.1.1. The following standards will govern the approval of continuing legal education programs by the Commission.
4.1.2. The program must have significant intellectual or practical content and its primary objective must be to increase the participant's professional competence as an attorney.
4.1.3. The program must deal primarily with matters related to the practice of law, professional responsibility or ethical obligations of attorneys. Programs that cross academic lines may be considered for approval.
4.1.4. The program must be offered by a sponsor having substantial, recent, experience in offering continuing legal education or demonstrated ability to organize and present effectively continuing legal education. Demonstrated ability arises partly from the extent to which individuals with legal training or educational experience are involved in the planning, instruction and supervision of the program.
4.1.5. The program itself must be conducted by an individual or group qualified by practical or academic experience. The program, including the named advertised participants, must be conducted substantially as planned, subject to emergency withdrawals and alterations.
4.1.6. Thorough, high quality, readable, and carefully prepared written materials must be made available to all participants at or before the time the course is presented, unless the absence of such materials is recognized as reasonable and approved by the MCLE Administrator. A mere outline without citations or explanatory notations will not be sufficient.
4.1.7. The program must be conducted in a comfortable physical setting, conducive to learning and equipped with suitable writing surfaces.
4.1.8. Approval may be given for programs where audiovisual recorded or reproduced material is used. Video programs shall qualify for CLE credit in the same manner as a live CLE program provided:

(a) the original CLE program was approved for CLE credit as provided in these regulations or the video program has been approved by the Commission under these rules, and
(b) each person attending the video program is provided written material as required in regulation 4.1.6 and
(c) each program is conducted in a location as required in regulation 4.1.7 and
(d) there are a minimum of five (5) persons enrolled and in attendance at the presentation of the video program unless viewed at the Oklahoma Bar Center or sponsored by a county bar association in Oklahoma.
4.1.9. Approval for credit may also be granted for the following types of electronic-based CLE programs:
a. Live interactive webcast seminars, webcast replay seminars live teleconferences, and teleconference replays, on-line, on-demand programs and downloadable podcasts. If approved, an attorney may earn credit for seminars provided by these various delivery methods without an annual limit.
b. Online, on-demand seminars and downloadable podcasts. If approved, an attorney may receive up to six approved credits per year for these types of electronic-based programs.
Such programs must also meet the criteria established in the Rules of the Oklahoma Supreme Court for Mandatory Continuing Legal Education, Rule7, Regulation 4, subject to standard course approval procedures and appropriate verification from the course sponsor.
1. The target audience must be attorneys.
2. The course shall provide high quality written instructional materials. These materials may be available to be downloaded or otherwise furnished so that the attorney will have the ability to refer to such materials during and subsequent to the seminars.
3. The provider must have procedures in place to independently verify an attorney's completion of a program. Verification procedures may vary by format and by provider. An attorney affidavit attesting to the completion of a program is not by itself sufficient.
4. If an online, on demand seminar is approved, it is approved only for twelve (12) months after the approval is granted. The sponsor may submit an application to have the course considered for approval in subsequent years.